ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HENRY MICKLEONARD MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-178 |
| | ) | (Formerly CR 109-035 & CR 110-073) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at FCI Jesup in Jesup, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion as untimely. (Doc. no. 3.) Petitioner opposes the motion, (doc. no. 5), and Respondent filed a reply to Petitioner's opposition, (doc. no. 6). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED** and that the government be directed to file an answer to Petitioner's § 2255 motion.

I. **BACKGROUND**

Petitioner was indicted in two federal cases in 2009 and 2010. In the first, he was charged, along with two co-defendants, with knowingly and intentionally distributing 69.94 grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). United States v. McGee, CR 109-035, doc. no. 1 (S.D. Ga. Mar. 5, 2009) (hereinafter "CR 109-035"). In the second case, Petitioner was indicted on four counts: One and Two, possession of a firearm by a prohibited person, in violation of 18 U.S.C.

§§ 922(g)(1), 922(g)(9), and 924(a)(2), and, Three and Four, possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). United States v. McGee, CR 110-073, doc. no. 1 (S.D. Ga. Mar. 4, 2010) (hereinafter "CR 110-073").

On January 11, 2010, Petitioner, who was then represented by Robert J. Lowe, Jr., in both cases, pled guilty to Count One in CR 109-035 without a plea agreement. CR 109-035, doc. no. 99. He subsequently moved to withdraw that guilty plea, however, and the Honorable J. Randal Hall, United States District Judge, granted his motion on May 26, 2010. Id., doc. nos. 106, 118. Meanwhile, Petitioner filed a motion to allow Mr. Lowe to withdraw in CR 109-035, and Mr. Lowe filed a motion to withdraw in CR 110-073, both of which were granted. CR 109-035, doc. nos. 113, 119; CR 110-073, doc. nos. 32, 35. James Pete Theodocion was thereafter appointed to represent Petitioner in both cases on July 7, 2010. CR 109-035, doc. no. 124; CR 110-073, doc. no. 38.

Shortly after Mr. Theodocion was appointed, on July 12, 2010, Petitioner entered into written plea agreements in both cases.[1] CR 109-035, doc. no. 128; CR 110-073, doc. no. 42. On July 22, 2010, Judge Hall held a Rule 11 hearing, where Petitioner pled guilty to unlawfully, knowingly, and intentionally distributing over 5 grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), which was a lesser included felony offense of Count One in CR 109-035. CR 109-035, doc. no. 128; CR 110-073, doc. no. 60. During the same hearing, Petitioner also pled guilty to Counts One and Three of the indictment in CR 110-073, in exchange for the government's agreement to dismiss Counts

---

[1] Part of Petitioner's obligation under the plea agreement in CR 110-073 was to plead guilty to a lesser included felony offense of Count One in CR 109-035. See CR 110-073, doc. no. 42, pp. 2-3.

2

Two and Four in that case. CR 110-073, doc. nos. 42, 60.

On December 1, 2010, during a sentencing hearing for both cases, Judge Hall sentenced Petitioner to 168 months of imprisonment for the offense in CR 109-035, and 120 months of imprisonment for the offenses in Counts One and Three in CR 110-073, with the two sentences to be served concurrently. CR 110-073, doc. no. 61. An identical judgment bearing both case numbers was entered in both cases the next day. CR 109-035, doc. no. 133; CR 110-073, doc. no. 47. Petitioner then filed a *pro se* notice of appeal with the Eleventh Circuit Court of Appeals which was captioned and docketed in CR 110-073 on December 9, 2010, and the Court of Appeals appointed counsel, Colette R. Steel, to represent Petitioner on appeal. CR 110-073, doc. nos. 48, 57. On August 15, 2011, however, the Court of Appeals granted Petitioner's motion to voluntarily dismiss his appeal and dismissed the appeal with prejudice. Id., doc. no. 65.

Petitioner then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in this Court on November 28, 2011. See McGee v. United States, CV 111-192, doc. no. 1 (S.D. Ga. Nov. 28, 2011) (hereinafter "CV 111-192"). In his § 2255 motion in CV 111-192, Petitioner claimed that he received ineffective assistance of counsel concerning advice about the appeal waiver in his plea agreement and advice about voluntarily dismissing his appeal, that the government breached the plea agreement, and that he received ineffective assistance of counsel on appeal due to counsel's failure to raise multiple claims of error concerning Petitioner's sentence. See id. at 14-26. After being directed to a file a response, the government filed a motion to dismiss in CV 111-192, contending that Petitioner was barred from seeking relief under § 2255 by an appeal waiver in his plea agreement, that his guilty plea was knowing and voluntary, and that the government did not breach the plea agreement. See

id., doc. no. 3, pp. 10-20. Thereafter, Petitioner submitted a motion to voluntarily dismiss his § 2255 motion in CV 111-192, which the Court granted in an Order dated August 17, 2012, dismissing the motion without prejudice and closing the case. See id., doc. nos. 9, 10.

The instant motion was signed on November 12, 2012, "placed in the prison mailing system" on November 13, 2012, and received and filed by the Clerk of Court on November 21, 2012. (Doc. no. 1, pp. 1, 13.) Petitioner raises a single claim therein: that his guilty pleas and appeal waiver were involuntarily entered into as a result of ineffective plea counsel. (Id. at 4.) The government moves to dismiss Petitioner's § 2255 motion as untimely. (Doc. no. 3.) Petitioner opposes the government's motion to dismiss, contending that his § 2255 motion is timely based on Clay v. United States, 537 U.S. 522, 525 (2003), which provides that a conviction does not become final until the time for seeking certiorari review of the dismissal of an appeal expires, or, alternatively, that he is entitled to equitable tolling of the limitations period. (Doc. no. 5.) The government filed a reply asserting that Clay is inapplicable because Petitioner voluntarily dismissed his appeal and that Petitioner is not entitled to equitable tolling. (Doc. no. 6.) The Court resolves the matter as follows.

## II. DISCUSSION

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

4

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As Petitioner has outlined no reason to suppose that §§ 2255(f)(2), (3), or (4) apply here, the instant case is governed by § 2255(f)(1). There are two issues to be resolved in determining when Petitioner's judgment of conviction became final, however. The first is whether there are two dates of finality, as the government contends: one in CR 109-035 and another in CR 110-073, based on the fact that Petitioner's notice of appeal was only captioned and filed in CR 110-073. The second is whether Petitioner's judgment of conviction became final on the date his appeal was voluntarily dismissed by the Eleventh Circuit, as the government contends, or after the period for seeking certiorari review of the dismissal with the Supreme Court of the United States expired, as Petitioner contends. The Court will address each of these in turn.

### A. One Date of Finality

The government asserts that there are two different dates of finality in this case: one for Petitioner's conviction in CR 109-035, and another in CR 110-073, as Petitioner only filed a notice of appeal that was captioned in the latter.[2] (See doc. no. 3, pp. 5-6; doc. no. 6, p. 1 n.1.)

---

[2]According to the Eleventh Circuit,"[a] conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." Akins v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). In CR 109-035, judgment was entered on December 2, 2010. The government contends that because Petitioner did not file a notice of appeal in CR 109-035, his conviction in that case became final in December of 2010. (Doc. no. 3, p. 6 (citing Akins, 204 F.3d at 1089 n.1; Fed. R. App. 4(b)(1)(A) & 26).) In CR 110-073, however, in which Petitioner unquestionably filed a notice of appeal, the

5

While he does not clearly respond to the government's assertion that there are two dates of finality, Petitioner generally asserts that there is one date his judgment of conviction became final. (See doc. no. 5.)

As noted earlier, while Petitioner only captioned his notice of appeal in CR 110-073, he was sentenced in both cases at one hearing, and an identical judgment was entered in both cases. To that end, the Eleventh Circuit has specifically addressed the effect of a notice of appeal which is only captioned in one case, where the defendant was sentenced in multiple cases in one consolidated hearing and a single judgment was entered. In United States v. Grant, 256 F.3d 1146 (11th Cir. 2001), the defendant was indicted in two cases, in the first of which he was convicted by a jury, and in the second of which he was convicted after a bench trial. Id. at 1149-50. The defendant was then sentenced at a consolidated hearing on June 18, 1999. Id. at 1150. The district court entered one judgment as to both cases, which bore the case numbers for both cases. Id. The defendant then proceeded to file a notice of appeal, but he only listed the case number of one of the cases in the notice. Id. Still, he stated in the notice that he was appealing the "Judgment and Committment [sic] entered in this action on June 18, 1999."[3] Id.

The Eleventh Circuit found, however, that because "a consolidated sentencing hearing on both cases was held in the district court" and because "there was only one judgment and commitment order entered for both cases," that the defendant had timely filed a notice of appeal "from the single judgment and commitment order, even though that notice of appeal mentioned

---

government concedes that Petitioner's conviction in that case became final, at the earliest, when the appeal was dismissed on August 15, 2011. (See id.; doc. no. 6, pp. 2-3.)

[3]Two months later, the defendant filed a second notice of appeal with the other case number, as well as a request to the district court that he be allowed to submit an out-of-time appeal of that case, which the district court granted. Grant, 256 F.3d at 1150.

6

only one of the two case numbers." Id. at 1151. The court thus concluded that defendant's "first notice of appeal indicates an intent to appeal both cases," and that the court therefore had jurisdiction to review defendant's appeal with respect to both cases based solely on the first notice of appeal. Id.

Here, as in Grant, id. at 1150, Petitioner was sentenced in both cases at a consolidated sentencing hearing, see generally CR 110-073, doc. no. 61, and there was only one judgment and commitment order entered which bore both case numbers, see CR 109-035, doc. no. 133; CR 110-073, doc. no. 47.[4] Moreover, in Petitioner's *pro se* notice of appeal, he stated generically at the outset, like the defendant in Grant, 256 F.3d at 1150, that he was giving notice of appeal "from the judgment and sentence by this Court on December 2, 2010," CR 110-073, doc. no. 48, p. 1.

Of course, in Petitioner's case, his appeal was voluntarily dismissed before the Eleventh Circuit itself ever addressed whether Petitioner was in fact appealing both CR 109-035 and CR 110-073. Still, Grant makes clear that where two cases are resolved in a single judgment, and a defendant appeals that *judgment*, his imprecision regarding the case numbers does not prevent a court from concluding that he intended to appeal both cases disposed of by that judgment. The government's position, however, ignores the fact that Petitioner, though he only captioned

---

[4]Further underscoring the interrelatedness of these two cases, Petitioner here entered his guilty pleas in both at the same Rule 11 hearing, see CR 110-073, doc. no. 60, and one of the terms in his plea agreement in CR 110-073 was that he enter a guilty plea in CR 109-035, see id., doc. no. 42, pp. 2-3. Indeed, Petitioner initially entered a guilty plea solely in CR 109-035, see CR 109-035, doc. no. 99, but he successfully withdrew that guilty plea, see id., doc. nos. 106, 118, and then entered into two related plea agreements after Mr. Theodocion was appointed to represent him, see id., doc. no. 128; CR 110-073, doc. no. 42. The defendant in Grant, on the other hand, underwent separate trials in his two cases, 256 F.3d at 1149-50, yet the Eleventh Circuit still construed his notice of appeal as encompassing both cases.

7

his notice of appeal in CR 110-073, was appealing the same judgment entered in CR 109-035. In light of Grant, the Court finds here that Petitioner's notice of appeal in CR 110-073 indicated his intent to appeal the judgment as a whole, including both CR 109-035 and CR 110-073. That being the case, it follows that there is a single date that Petitioner's judgment of conviction became final in this case, which is either when his appeal was voluntarily dismissed, or when the time for seeking certiorari review from the Supreme Court expired. The Court thus turns to that issue.

### B. Judgment of Conviction Became Final When the Period For Seeking Certiorari Review with the Supreme Court Expired

Petitioner contends that his § 2255 motion is timely because he had 90 days after the Eleventh Circuit dismissed his appeal on August 15, 2011, to file a petition for a writ of certiorari, and that his judgment of conviction in both cases therefore did not become final for purposes of § 2255(f)(1) until that time expired. The government, on the other hand, contends that, because Petitioner voluntarily dismissed his appeal, his judgment of conviction became final on the date the Eleventh Circuit dismissed the appeal with prejudice.

To begin with, under Clay, 537 U.S. at 532, "for federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." See also Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Moreover, pursuant to Supreme Court Rule 13(1), a party has 90 days after the Court of Appeals enters its judgment to file a petition for a writ of certiorari.

Applying these principles to the case at hand under the assumption that Petitioner could

file a petition for a writ of certiorari concerning the Eleventh Circuit's dismissal of his appeal, the 90-day period for filing the petition expired and his judgment of conviction became final, at the earliest, on Monday, November 14, 2011.[5] See Clay, 537 U.S. at 532; Sup. Ct. R. 13, 30. Accordingly, if Petitioner's judgment of conviction was not final until November 14, 2011, his § 2255 filing deadline would be, at the earliest, one year (three-hundred and sixty-five days) later, Tuesday, November 13, 2012.

Petitioner filed the instant § 2255 motion on November 13, 2012.[6] Therefore, if Petitioner's judgment of conviction did not become final until the time period for filing a petition for a writ of certiorari expired, then the instant § 2255 motion is timely. If Petitioner's judgment of conviction became final on the date the Eleventh Circuit dismissed his appeal, however, then his § 2255 motion is untimely. The dispute about which is the appropriate date is thus essential to the timeliness determination.

"The Eleventh Circuit," however, "has not addressed the issue of when a conviction becomes final after a direct appeal is voluntarily dismissed." Manders v. United States, 6:10-CV-1329-ORL-31, 2012 WL 72737, at *1 (M.D. Fla. Jan. 10, 2012). Moreover, there is no consensus among courts within or outside the Eleventh Circuit which have addressed the issue.

---

[5]The Eleventh Circuit entered its Order dismissing Petitioner's appeal on August 15, 2011. CR 110-073, doc. no. 65. The 90-day period for filing a petition for writ of certiorari expired on Sunday, November 13, 2011, but pursuant to Sup. Ct. R. 30, because that day fell on a Sunday, the period was extended through Monday, November 14, 2011, assuming the Supreme Court was open on that date.

[6]Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. See also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (§ 2255 motion deemed filed on date the petitioner "signed, executed, and delivered his petition to prison authorities for mailing"). Petitioner declared under penalty of perjury that he delivered his § 2255 motion to the "prison mailing system" on November 13, 2012. (Doc. no. 1, p. 13.)

9

What becomes apparent from reviewing these cases, however, is that the inquiry ultimately turns on the related issue of whether a defendant who voluntarily dismisses his appeal is legally permitted to seek certiorari review from the Supreme Court.[7] Compare Latham v. United States, 527 F.3d 651, 651-52 (7th Cir. 2008) (Easterbrook, C.J.) (noting that petitioner who voluntarily dismissed his appeal was "entitled to ask the Supreme Court to review [the Court of Appeals's] judgment by writ of certiorari," and date conviction became final was thus after 90-day period for seeking certiorari expired) with Westmoreland v. Hetzell, 840 F. Supp. 2d 1275, 1279 (N.D. Ala. 2011) (concluding that § 2254 petitioner who voluntarily dismissed his appeal with the Alabama Court of Criminal Appeals "waived any basis for seeking review by the Supreme Court" and that conviction became final on date appeal was voluntarily dismissed).

In Latham, for example, the petitioner had previously voluntarily dismissed his appeal, but he had also filed a motion to reinstate his appeal, asserting that his lawyer misled him about the consequences of the dismissal. 527 F.3d at 652. Reversing the district court's ruling that the petitioner was time-barred in part because "a defendant who dismisses his appeal is not entitled to seek certiorari," the Seventh Circuit noted that the statute governing Supreme Court review of cases in the Courts of Appeals "allows 'any' party, including a prevailing party, to

---

[7]Indeed, the government contends in its reply that Petitioner's judgment of conviction was final when he voluntarily dismissed his appeal because, at that point, "[h]e voluntarily had given up any further review, including certiorari." (Doc. no. 6, p. 2.) While the government cites cases in support of this proposition, (see id. at 2-3), it does not cite any authority that is binding on this Court. See, e.g., Stern v. United States, No. 2:05-CV-207, 2005 WL 2922457, at * 2 (S.D. Ohio, Nov. 3, 2005) (concluding that "because the appeal was voluntarily dismissed, there was no basis upon which to seek a petition for a writ of *certiorari*," but failing to cite any authority in support); Lemons v. Conway, No. CV-05-243-S-MHW, 2006 WL 560642, at *2-3 (D. Idaho Mar. 7, 2006) (concluding that petitioner "could not proceed to a higher court on his claims as a result of his voluntary dismissal" of his appeal with the Idaho Supreme Court, but noting that petitioner did not dispute date of finality).

petition for certiorari," so long as the case is "in" a Court of Appeals. Id. (quoting 28 U.S.C. § 1254). The court thus concluded that after the Court of Appeals dismisses an appeal, the defendant "is entitled to ask the Supreme Court to review [that] judgment by writ of certiorari[.]" Id. at 653. In other words, the Seventh Circuit concluded that the rule in Clay applies with the same force when the appeal is dismissed voluntarily because the defendant may still have some legal basis for seeking review of that dismissal. See id.

In Westmoreland, on the other hand, where the court concluded that the petitioner "waived any basis for seeking review by the Supreme Court" with the voluntary dismissal of his appeal, the court was explicit that the petitioner "never sought to reinstate the appeal" and "never raised any claim that his attorney rendered ineffective assistance in filing the voluntary dismissal or in otherwise failing to pursue the direct appeal." 840 F. Supp. 2d at 1279. The court thus concluded that the petitioner's "direct appeal did not result in any adjudication on the merits which could have provided any basis for review in the Supreme Court." Id.

With this authority in mind, the Court concludes here that Petitioner's judgment of conviction did not become final until the 90-day period for filing a petition for writ of certiorari expired. In reaching this conclusion, the Court agrees with the reasoning in Latham that, under 28 U.S.C. § 1254, where a defendant voluntarily dismisses his appeal in a federal Court of Appeals, he is still "entitled to ask the Supreme Court to review [that] judgment by writ of certiorari[.]" 527 F.3d at 653; see also United States v. Parker, 416 F. App'x 132, 132 (3d Cir. 2011) (citing Latham and agreeing with government that "there is no known precedent for the proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed from filing a petition for certiorari challenging the dismissal"). Indeed, while the court in Westmoreland reached the opposite conclusion, the instant case is distinguishable. Unlike the

11

petitioner in <u>Westmoreland</u> who "never raised any claim" that his attorney was ineffective with respect to the dismissal of the appeal, Petitioner here did allege in his § 2255 motion in CV 111-192 that he received ineffective assistance of counsel with respect to advice he received about the dismissal of his appeal. See CV 111-192, doc. no. 1, pp. 14-17; see also <u>Latham</u>, 527 F.3d at 652 (defendant asserted that his lawyer misled him about the consequences of dismissing his appeal). Therefore, the Court concludes that Petitioner could have sought certiorari review of the voluntary dismissal of his appeal, and that his judgment of conviction did not become final until the period for seeking such review expired.

### C. Section 2255 Motion is Timely

As noted above, the 90-day period for seeking certiorari review in the instant case expired, at the earliest, on November 14, 2011. See CR 110-073, doc. no. 65; Sup. Ct. R. 13, 30. Because Petitioner filed the instant § 2255 motion on November 13, 2012, the motion is timely,[8] and the government's motion to dismiss should be denied. See 28 U.S.C. § 2255(f)(1).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED** and that the government be directed to file an answer to Petitioner's § 2255 motion.

SO REPORTED and RECOMMENDED on this 24th day of May, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8]The Court thus need not reach Petitioner's argument that he is entitled to equitable tolling of the limitations period. (Doc. no. 5, pp. 2-5.)

12